CLD-385                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3323
_____

IN RE:  SAMUEL OPARA,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 1:13-cv-00748)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 15, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed August 30, 2013 )

_____

OPINION
_____

PER CURIAM

Pro se litigant Samuel J. Opara petitions for a writ of mandamus directing the

United States District Court for the District of New Jersey to reopen D.C. Civil No. 1:13-

cv-00748 so that the District Court may enter a final and appealable order in that case.

Mandamus is a drastic remedy available in extraordinary circumstances only.  In re: Diet

Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ

"must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). For the reasons that follow, those circumstances are not present here. Accordingly, we will dismiss Opara's mandamus petition as moot.

In February 2013, Opara filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court. He also filed a motion pursuant to 28 U.S.C. § 2247 to unseal the record and transcripts from his criminal trial, which had been held in another federal district court. On May 30, 2013, the District Court entered an order dismissing Opara's habeas petition for lack of jurisdiction, concluding that the petition was actually an unauthorized second or successive 28 U.S.C. § 2255 motion. In that same order, the District Court denied Opara's § 2247 motion.

Opara now argues that the District Court's order was not a final and appealable order, and that, as a result, we should grant his mandamus petition and direct that court to issue such an order in his case. We disagree. Pursuant to 28 U.S.C. § 1291, we have jurisdiction to review "final" orders of the district courts. "A final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009) (quotation marks and citation omitted). The District Court's order here satisfied those requirements, because it disposed of the only two filings before it (the habeas petition and the § 2247 motion) and directed the District Court Clerk to close the case. Although Opara alleges that the District Court failed to consider some of his claims in adjudicating his habeas petition, it is clear that the District Court "intended its ruling to have a final rather than a tentative

2

effect." Caver v. City of Trenton, 420 F.3d 243, 261 (3d Cir. 2005); see also id. ("In determining whether [an order] constitutes an appealable final decision, we are mindful that § 1291 is to be given a practical rather than a technical construction.") (internal quotation marks and citation omitted). Furthermore, although Opara claims that the District Court's order did not comply with Federal Rule of Civil Procedure 58's separate document requirement, see Fed. R. Civ. P. 58(a), that claim, which is not supported by the record,[1] does not render the District Court's order non-final. See Local Union No. 1992 v. Okonite Co., 358 F.3d 278, 286 (3d Cir. 2004). Opara's remaining arguments, too, are unpersuasive.

Because the District Court has entered a final and appealable order in Opara's habeas action, Opara has already obtained the relief he seeks here. Accordingly, we will dismiss as moot his petition for a writ of mandamus.

---

[1] The District Court in fact complied with the requirements of Rule 58 because its order that (1) was self-contained and separate from the accompanying opinion, (2) noted the relief granted, and (3) omitted the District Court's reasons for its decision. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).

3